UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSE RODRIGUEZ-GUTIERREZ,

   Petitioner,

   v.

ERIC H. HOLDER, et al.,

   Respondents.

CASE NO. C14-1295-RAJ-MAT

REPORT AND RECOMMENDATION

INTRODUCTION

Petitioner Jose Rodriguez-Gutierrez has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241, challenging his continued detention by U.S. Immigration and Customs Enforcement ("ICE") and the sufficiency of the bond hearing he received on May 29, 2014. (*See* Dkt. 1.) Respondents argue that the petition should be dismissed because petitioner's current detention is statutorily required. (Dkt. 12; *see also* Dkt. 9.) For the reasons discussed below, the Court recommends that respondents' motion to dismiss (Dkt. 9) be GRANTED, petitioner's habeas petition (Dkt. 1) be DENIED, and the case be DISMISSED.

BACKGROUND

Petitioner is a native and citizen of Mexico, who is currently detained at the Northwest

REPORT AND RECOMMENDATION
PAGE - 1

Detention Center in Tacoma, Washington.  (Dkt. 1 at 4-5.)  Petitioner entered the United States without inspection in February 2006 at or near Nogales, Arizona.  (Dkt. 1 at 6.)  On February 1, 2013, petitioner pled guilty to Rape in the Third Degree and was sentenced to six months imprisonment at the Franklin County Jail and three years of probations.  (*See* Dkt. 10-2.)

On or about November 20, 2013, petitioner was transferred from the Franklin County Jail to ICE custody.  (*See* Dkt. 1 at 8; Dkt. 10-4.)  He was served with a Notice to Appear, charging him with removability for being present in the United States without be admitted or paroled, 8 U.S.C. § 1182(a)(6)(A)(i), and for being convicted of "a crime involving moral turpitude," 8 U.S.C. § 1182(a)(2)(A)(i)(I).  (*See* Dkt. 10-5.)  ICE determined that petitioner's detention was mandatory under 8 U.S.C. § 1226(c) (providing for mandatory detention of aliens convicted of crimes involving moral turpitude), a finding that was upheld by an Immigration Judge ("IJ") at a bond re-determination hearing on March 26, 2014.  (*See* Dkt. 10-6; Dkt. 10-7 at 1.)

On May 29, 2014, petitioner received a bond hearing pursuant to *Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013) (aliens held pursuant to § 1226(c) are entitled to a bond hearing after six months detention).  (Dkt. 10-7; Dkt. 10-11 at 9-16.)  After the parties submitted evidence and made their arguments, the IJ found that the government met its burden of proving by clear and convincing evidence that petitioner presents both a danger to the community and a flight risk. (Dkt. 10-7; Dkt. 10-11 at 9-16.)  The IJ therefore denied bond.  (Dkt. 10-8.)

On June 16, 2014, an IJ ordered petitioner removed to Mexico and denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture. (Dkt. 10-9.)  Petitioner appealed to the Board of Immigration Appeals ("BIA").  (Dkt. 10-10.)  On October 8, 2014, the BIA dismissed petitioner's appeal.  (Dkt. 12-1.)

/ / /

## DISCUSSION

A.   Petitioner's current detention is authorized by 8 U.S.C. § 1231(a)

Pursuant to 8 U.S.C. § 1231(a), the Attorney General is required to detain an alien during the "removal period." 8 U.S.C. § 1231(a)(2). The removal period is the 90-day period that begins on the latest of the following: (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B). The Attorney General may also detain certain aliens beyond the removal period, as provided in § 1231(a)(6).

Here, petitioner's order of removal became administratively final on October 8, 2014, when the BIA dismissed his appeal. *See* 8 U.S.C. § 1101(a)(47)(B) (order of removal becomes final when affirmed by the BIA). Thus petitioner is subject to mandatory detention until the expiration of the removal period on or about January 6, 2015. As petitioner's current detention is lawful, the Court must deny habeas relief at this time. *See* 28 U.S.C. § 2241(c)(3) (habeas relief appropriate when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States").

B.   Petitioner's challenge to his May 29, 2014 bond hearing is moot

The central arguments petitioner raises in his habeas petition and response to respondents' motion to dismiss relate to the IJ's denial of bond at his May 29, 2014 bond hearing. (*See* Dkts. 1 and 11.) In general, a district court may review bond hearing determinations for constitutional claims and legal error. *See Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011). However, where a court can no longer grant effective relief, it lacks

jurisdiction and must dismiss the claim as moot. *See, e.g.*, *Abdala v. I.N.S.*, 488 F.3d 1061, 1065 (9th Cir. 2007); *Cox v. McCarthy*, 829 F.2d 800, 805 (9th Cir. 1987); *Enrico's, Inc. v. Rice*, 730 F.2d 1250, 1254 (9th Cir. 1984). In this case, even if petitioner's bond hearing were constitutionally insufficient or based on legal error, the Court cannot offer petitioner any effective relief, such as a new bond hearing, because he is subject to mandatory detention under 8 U.S.C. § 1231(a)(2). Accordingly, the challenge to his bond hearing is moot.

## CONCLUSION

Based on the foregoing, the Court recommends that respondents' motion to dismiss (Dkt. 9) be GRANTED, petitioner's habeas petition (Dkt. 1) be DENIED, and this matter be DISMISSED. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 21, 2014**.

DATED this 28th day of October, 2014.

                                                                          Mary Alice Theiler
                                                                          Chief United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4